[L. A. No. 5215. Department Two.—August 25, 1919.]

## W. L. BENJAMIN, Respondent, v. R. A. WALTON, Appellant.

[1] ASSAULT—ACTION FOR INJURY—EVIDENCE—VERDICT NOT EXCESSIVE.—In an action to recover compensatory and punitive damages for an assault, punitive damages being waived upon the trial, an award of one thousand dollars as compensatory damages was not excessive, where the evidence concerning the nature and extent of plaintiff's injuries was conflicting, and according to the testimony offered on his behalf, the sight of one eye was permanently impaired, internal adhesions were caused by a blow on the abdomen, and he suffered severe pain and loss of sleep and impaired earning

capacity, so that for a period of ten months after the assault he had earned only $176.

[2] Id.—Compensatory Damages—Mitigation of Damages—Circumstances of Provocation—Instruction.—In such an action, the question of punitive damages being withdrawn from the jury, an instruction to the effect that no circumstances of provocation, whether occurring before or at the time of the assault, could in any way be considered in mitigation of the actual damages suffered by reason of the assault, was proper.

[3] Id.—Manner of Giving Instruction—Impropriety of Argument of Counsel—Lack of Prejudice.—The giving of such instruction with greater emphasis than the other instructions for the reason that the attorney for the defendant had argued to the jury that they should take into consideration in mitigation of damages the words that were claimed to have been spoken by the plaintiff before the assault was committed, was not improper.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jones & Evans and W. E. Evans for Appellant.

Oliver O. Clark, Claud B. Andrews and E. B. Drake for Respondent.

WILBUR, J.—Plaintiff sued to recover compensatory and punitive damages for an assault. Defendant answered, admitting the assault, and alleging circumstances of provocation in mitigation of punitive damages. Upon the trial plantiff waived punitive damages. The only question remaining for consideration was the amount of compensatory damages to which the plaintiff was entitled. The jury returned a verdict for one thousand dollars. As usual, the evidence concerning the nature and extent of the plaintiff's injuries is conflicting. According to the testimony offered on behalf of plaintiff the sight of one eye has been permanently impaired, internal adhesions were caused by a blow on the abdomen, plaintiff has suffered severe pain and loss of sleep and impaired earning capacity, so that for a period of ten months after the assault he had only earned $176. [1] Without further statement of the testimony it is evident that the damages were not excessive.

Plaintiff objects to the substance and the manner in which the following instruction was given to the jury: "And, gentlemen, it is for you to determine whether any words were spoken by the plaintiff after he was first accosted by the defendant, but if you find there were, they are not the slightest excuse or justification for the defendant. The jury have no right to consider them as any justification whatever, or in any way as affecting or reducing the damages. A man has no right to take the law in his own hands under any circumstances, and the jury should not consider that at all. They should find what the damages were without reference to any words that they may find were spoken."

With reference to the substance of the instruction appellant admits that no form of words would have justified an assault, but maintains "that there is a rule of law which permits the jury to consider any words immediately preceding an affront which would tend to provoke an assault, in mitigation of any damages resulting." [2] It is sufficient in this regard to say that the question of punitive damages having been expressly withdrawn from the jury, no circumstances of provocation, whether occurring before or at the time of the assault, could in any way be considered in mitigation of the actual damages suffered by plaintiff by reason of the assault. (*Marriott* v. *Williams,* 152 Cal. 705, [125 Am. St. Rep. 87, 93 Pac. 875].) With reference to the manner of the court in giving this part of the instruction an affidavit was filed by the appellant's attorney, in which it is stated: "His honor turned in his seat toward and faced the jury, leaned forward, and with his left hand raised, and left fist clenched and with strong and repeated gestures with his said left hand and arm raised and extended, he gave said quoted instructions in a voice so loud that it could have been easily heard outside of the large courtroom, and in the corridors of the building." The judge, in a reply affidavit, stated that in giving this portion of the instruction he did face the jury and lean forward, but that he did not clench his fist, although he may have used gestures, and did give the instruction with great emphasis, that all the instructions were given in a loud tone of voice, and that this instruction was not given in a louder tone of voice than the rest. It was, however, given with greater emphasis than the rest for the reason that the attorney for the defendant had argued to the jury that they should take into

consideration in mitigation of damages the words that were claimed to have been spoken by the plaintiff just before the assault was committed. The affidavit proceeds as follows: "Before the introduction of any evidence by the defendant the plaintiff waived all claim for punitive damages and the court then stated that the assault being admitted in the answer the defendant could not introduce any testimony looking to mitigation of damages, and that the recovery could be only for compensatory damages. The testimony of what was claimed to have been said at the time of the assault was admitted in evidence, however, as part of the occurrence at that time, the testimony of the defendant being substantially as follows: That he got out of the machine and approached the plaintiff as he was on his way to his gate and asked him why he had been talking about the company as he had, and that the plaintiff replied, 'To hell with you and your company,' and that then the defendant struck the plaintiff with his fist. Notwithstanding the prior instructions of the court, however, counsel for defendant in his argument to the jury stated that this was like a boy's quarrel and that the defendant should be excused and the damages should be mitigated on account of what was said, and I deemed it proper under those circumstances to give the instruction which I did give, and I was especially anxious that the jury should understand that if the words referred to were spoken, they were not the slightest excuse or justification for the defendant's assault and that they should not be considered as affecting or reducing the damages; and I emphasized the statement that no man had a right to take the law into his own hands, and that whatever damages the jury should find without reference to any words that they might find were spoken. I felt no prejudice against the defendant, and did not intend to indicate that I was prejudiced against him, but I did intend that the jury should understand that a man had no right to take the law into his own hands, and that they should disregard the argument of the attorney for the defendant that what was said by the plaintiff, if it was said, should be taken into consideration by the jury in fixing the damages." **[3]** Under the circumstances stated in the affidavit of the judge it was proper for the court to point out the impropriety of counsel's argument. Instead of doing this directly in an instruction, as might well have been done, the judge specially emphasized

that portion of the instruction which showed the fallacy and impropriety of counsel's argument.

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.