[Civ. No. 3786. First Appellate District, Division One.—April 15, 1921.]

## E. TROPLOWITZ, Appellant, v. HARRY SEIGLER, Respondent.

[1] ASSAULT AND BATTERY — MITIGATION OF ACTUAL DAMAGES — CIRCUMSTANCES OF PROVOCATION—ERRONEOUS INSTRUCTION.—In an action for damages for an alleged assault and battery, it is reversible error for the court to instruct the jury that they might consider circumstances of provocation in estimating the amount of actual damages to which the plaintiff would otherwise be entitled, where no element of punitive damages is presented to the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Reversed.

The facts are stated in the opinion of the court.

James P. Sweeney and Frank J. Fontes for Appellant.

Joseph H. Mayer for Respondent.

RICHARDS, J.—This appeal is by the plaintiff from a judgment based upon a verdict in his favor for damages in the sum of one dollar in an action for damages for an alleged assault and battery.

The evidence in the case showed that the parties to the affray met in Lick Alley, between Post and Sutter Streets, in the city of San Francisco, and, after a few words, came to blows. The evidence is in conflict as to which of the

---

1. Provocation in mitigation of damages, notes, 1 Ann. Cas. 899; 19 Ann. Cas. 712; Ann. Cas. 1917D, 582.

parties struck the first blow, but the evidence also shows without substantial conflict that the defendant struck the plaintiff in the face, knocking out three of his natural teeth which had theretofore supported other artificial teeth, necessitating considerable dental work and requiring him thereafter to wear a plate; and that he also suffered the consequent physical pain and mental anguish resulting from his compulsion to the wearing of a set of false teeth for the rest of his natural life.

Upon the trial of the case the plaintiff requested the following instruction: "The court further instructs the jury that in this case if it believes from the evidence that the defendant committed the assault alleged in plaintiff's complaint, the jury cannot consider any alleged provocation in reduction of the actual damages accruing to plaintiff from his pain, physical injuries, loss of time and moneys expended, or any other element of actual damages; but only in reduction of or setoff against the exemplary damages."

This instruction the court refused to give, and also refused to give in terms any and all of the instructions asked by the plaintiff, but instead thereof gave the following brief oral instructions as its only instructions to the jury in the case:

"The Court: There is no law to give you; it is simply a question of whether or not this assault was committed. If you should find that it was committed with provocation on the part of the plaintiff, then you may consider that matter, in mitigation of damages. On the other hand, if you consider it was not justified by the circumstances and situation surrounding and should find that this party sustained the injuries which he claims he sustained, and that it was, an unprovoked assault, then the plaintiff would be entitled to recover such damages, as under all the circumstances of the case, you should deem just. If you should conclude to award damages, you are entitled to consider the nature of the injury and the extent of it, and whether there was any loss of time or bodily pain resulting therefrom.

"If, upon the other hand, as I have said before, you consider that there were circumstances to mitigate the assault, then you may take such circumstances into consideration in fixing the amount of damages, if any, that you may conclude

to award. I think that is all that is necessary. I think the jury fully understand the issue.''

The plaintiff, upon this appeal, contends that the verdict of the jury was grossly inadequate to what the undisputed proof showed to be his actual damages from defendant's assault and battery. He also contends that the trial court erred in refusing to give his requested instruction above set forth, and also erred in giving its own instructions touching the right of the jury to consider circumstances of provocation in mitigation of any actual damages which they might find plaintiff sustained. We deem it only necessary to consider the latter point, since if the jury were rightly instructed by the court that they might consider matters of provocation in mitigation of the actual damage sustained by the plaintiff, they doubtless could obey that instruction to the extent of awarding the plaintiff a merely nominal sum in damages for injuries which were, according to the undisputed evidence, much in excess of such sum. We are of the opinion that the trial court was in error in refusing to give the plaintiff's requested instruction, and was also in error in giving its own instruction of opposite tenor and effect. The supreme court has recently set this subject at rest in the case of *Benjamin* v. *Walton,* 181 Cal. 115, [183 Pac. 529], wherein it said: ''It is sufficient in this regard to say that the question of punitive damages having been expressly withdrawn from the jury, no circumstances of provocation whether accruing before or at the time of the assault could in any way be considered in mitigation of the actual damages suffered by plaintiff by reason of the assault.''

[1] In the case at bar, as in that case, no element of punitive damages was presented to the jury, and it follows that they were erroneously instructed that they might consider circumstances of provocation in estimating the amount of actual damages to which the plaintiff would otherwise be entitled. We think this error was prejudicial and was the direct cause of the verdict for only nominal damages which the plaintiff was awarded by the jury.

The judgment is reversed.

Waste, P. J., and Kerrigan, J., concurred.